# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA<br>PLAINTIFF, | CASE #:20-20599 |
| VS. | HON. MATTHEW F. LEITMAN |
| D5-GLENN PHILLIP FRANKLIN<br>DEFENDANT. | |

| | |
|---|---|
| AUSA Christopher P. O'Donnell<br>U. S. Dept of Justice<br>601 D Street, NW Suite 2001<br>Washington, DC 20004<br>AUSA Mark S. McDonald<br>AUSA Samuel B. Bean<br>US Dept of Justice - Tax Division<br>150 M Street, NE, Room 1.1117<br>Washington, DC 20002<br>Email:christopher.p.o'donnell@usdoj.gov<br>Email: mark.s.mcdonald@usdoj.gov<br>Email: samuel.b.bean@usdoj.gov | Harold Gurewitz (P14468)<br>Attorney for Defendant<br>Gurewitz & Raben, PLC<br>333 W. Fort Street, Suite 1400<br>Detroit, MI 48226<br>(313) 628-4733<br>Email: hgurewitz@grplc.com |

## MOTION FOR NEW TRIAL

Defendant Franklin, by counsel, respectfully requests this Court to grant a new trial pursuant to Rule 33 FRCrP because the jury's verdict of guilty was against the manifest weight of the evidence. There was an absence of evidence at trial for the jury to find that Defendant Franklin joined in the scheme alleged in the Indictment with culpable knowledge of its fraudulent purpose; and, there was an absence of evidence for the jury to find evidence of property as that term is used in the Wire Fraud statute, the Indictment and defined by case law. Defendant

Franklin also moves for a new trial because final instructions to the jury omitted necessary instructions on essential elements of the offense, that is, the term property as used in the Indictment, and culpable participation in the scheme as alleged.

Defendant Franklin further relies on his brief attached to this motion.

Respectfully submitted,

**GUREWITZ & RABEN, PLC**

By:     s/Harold Gurewitz
          333 W. Fort Street, Suite 1400
          Detroit, MI 48226
          (313) 628-4733
          Email: hgurewitz@grplc.com

Date:January 5, 2024          Attorney Bar Number: P14468

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA<br>PLAINTIFF, | CASE #:20-20599 |
| vs. | HON. MATTHEW F. LEITMAN |
| D5-GLENN PHILLIP FRANKLIN<br>DEFENDANT. | |

| | |
|---|---|
| AUSA Christopher P. O'Donnell<br>U. S. Dept of Justice<br>601 D Street, NW Suite 2001<br>Washington, DC 20004<br>AUSA Mark S. McDonald<br>AUSA Samuel B. Bean<br>US Dept of Justice - Tax Division<br>150 M Street, NE, Room 1.1117<br>Washington, DC 20002<br>Email:christopher.p.o'donnell@usdoj.gov<br>Email: mark.s.mcdonald@usdoj.gov<br>Email: samuel.b.bean@usdoj.gov | Harold Gurewitz (P14468)<br>Attorney for Defendant<br>Gurewitz & Raben, PLC<br>333 W. Fort Street, Suite 1400<br>Detroit, MI 48226<br>(313) 628-4733<br>Email: hgurewitz@grplc.com |

## BRIEF IN SUPPORT OF MOTION FOR NEW TRIAL

## I.    INTRODUCTION

Defendant Franklin moves this Court to grant a new trial pursuant to Rule 33 FRCrP because the jury's verdict of guilty is against the manifest weight of the evidence and because omissions of jury instructions for property and culpable knowledge, essential elements of the Conspiracy to Commit Wire Fraud offense alleged in the Indictment, are substantial legal errors which require a new trial in

-1-

the interests of justice.

## II.   STATEMENT OF FACTS

Presentation of evidence at Defendant Franklin's trial began on October 24, 2023 and concluded on November 1, 2023 with the jury's return of a guilty verdict. According to the Count One charge in the  Indictment, six defendants conspired to violate the Wire Fraud statute, 18 USC §1343, through a scheme to obtain crash reports in order to use the information in the reports to solicit crash victims for legal representation or medical services. (ECF 441: Third Superseding Indictment, Pg ID 9098). According to the Indictment, and theory of prosecution at trial, (ECF 525: TR 10/30/23, Rule 29 Motion Hearing, Pg ID 11316-317), it was alleged that the officers' misuse of login credentials were the representations that made the alleged scheme one to defraud.

The scheme, according to trial evidence, was multi-layered. Alleged members at the top level were two police officers who accessed crash reports from a LexisNexis database without knowledge at the time they were violating any federal law. (ECF 504 TR: 10/24/23, Almeranti, C., Pg ID 10650). They made their agreement to access crash reports in the chambers of a judge to whom one of the officers had previously reported in the course of her regular duties to get authorizations on search warrants. (ECF 503: TR10/25/23, Miller, K., Pg ID

10267). At second and third levels, reports were sold and used for telephone solicitations.(ECF 525: TR 10/30/23, Sereno, A., Pg ID 11209). Defendant Franklin's firm received leads from phone solicitations. (ECF 503: TR 10/25/23, Capella, J., Pg ID 10213). As discussed in his Brief in Support of his Motion for Judgment of Acquittal, no witness testified he or she told Defendant Franklin the two officers used fraudulent login credentials to gain access to vehicle crash reports.

Trial testimony also established that unapproved crash reports are not property. DPD Officer Timothy Ewald and LexisNexis Vice President Jason LaRue explained that crash reports were prepared by the Detroit Police pursuant to State law, were intended for regulatory use, and were not available for sale in an unapproved status. (ECF 505, TR 10/27/23, LaRue, J., Pg ID 10747; ECF 502: TR 10/26/23, Ewald, T., Pg ID 10717-718),

## III. LEGAL STANDARD

Rule 33 FRCrP provides that the court "may vacate any judgment and grant a new trial if the interests of justice so requires." FRCrP 33(a). Although the rule does not define "interests of justice," overwhelming authority permits its use to seek a new trial on the ground that the "jury's verdict was against the manifest weight of the evidence." *United States v. Munoz*, 605 F3d 359, 373 (6th Cir 2010)

(citing authorities). It is acknowledged, as indicated in decisions, that use of a Rule 33 motion for this purpose is reserved for "extraordinary circumstances where the evidence preponderates heavily against the verdict. *United States v. Turner*, 490 F Supp 583, 593 (ED Mich 1979), *aff'd* 633 F2d 219 (6th Cir 1980). As explained below, the failure of proof at Defendant Franklin's trial fully demonstrates the unusual circumstances of this case that justify that relief here.

As the Court in *Munoz* explained, "[a] district judge, in considering the weight of the evidence for purposes of adjudicating a motion for new trial, may act as a thirteenth juror, assessing credibility of witnesses and weight of the evidence." *Id.* at fn 9, citing *United States v. Ashworth,* 836 F2d 260, 266 (6th Cir 1988); see also, *United States v. Burks*, 974 F3d 622, 629 (6th Cir 2020)(White, J., dissenting).

It is also "widely agreed" that Rule 33's interest of justice standard allows the district court authority to grant a new trial "where substantial legal error has occurred." *Munoz*, 605 F3d at 373. *Munoz* explains that a "substantial legal error" that justifies granting such motion, includes one "of sufficient magnitude to require reversal on appeal," or one where "the substantial rights of the defendant have been jeopardized by errors or omissions." *Id.* In *Munoz,* the Court also suggested, without resolving the issue, that a new trial may be granted "in the

interests of justice" even when the verdict is not against the great weight of the evidence and there is no reversible error, such as where defense counsel's performance was "egregious enough to constitute a Sixth Amendment right-to-counsel violation, i.e., where a defendant shows "ineffective assistance light." *Id.* at 373; see also, *United States v. Arny*, 831 F3d 725 (6ᵗʰ Cir 2016)(affirming the district court's grant of new trial because of counsel's deficient performance but on traditional *Strickland* standards. Failure to instruct on essential elements meets those criteria.

## IV.   DISCUSSION

### A.   THE JURY'S VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE WHERE THE EVIDENCE FAILED TO PROVE DEFENDANT FRANKLIN HAD KNOWLEDGE OF OFFICERS' MISUSE OF LOGIN CREDENTIALS AND THAT CRASH REPORTS ARE PROPERTY.

Defendant Franklin incorporates his arguments made in support of his Rule 29 motion for acquittal, that crash reports are not property within the meaning of the term  explained by the Supreme Court in its series of cases beginning with *McNally v. United States,* 483 US at 361, and as applied most recently in *United States v. Blaszczak*, 56 F4th 230 (2ⁿᵈ Cir 2022). Trial evidence failed to establish proof of the wire fraud property element both by the standard for a motion pursuant to Rule 29(c) and Rule 33.

As explained in his Brief in Support of his Motion for Acquittal, according

to the testimony of Detroit Police Officer Timothy Ewald, vehicle crash reports using State Form UD-10 are required for regulatory purposes. They are required to be completed by officers for submission to the State on approval. (ECF 502: TR 10/26/23, Ewald, T., Pg ID 10717-718). Before approval, the reports are stored electronically by LexisNexis. Based on Government witness testimony, disclosure of unapproved reports were not allowed by LexisNexis. Finalized reports are available upon payment of a nominal fee. All of the reports presented in evidence at trial were unapproved. Incidental fees attached to report disclosures don't make the electronic data stored on the forms property, particularly where any impact on the incidental fee requirement is not an object of the scheme as alleged. *Kelly v. United States*, 140 S Ct1565, 1573 (2020)("But that property must play more than some bit part in a scheme: It must be an "object of the fraud.")

Testimony of trial witnesses plainly failed to establish that Glenn Franklin had knowledge of the false or fraudulent representations that were the alleged means agreed on between Karen Miller and Carol Almeranti to access reports from the LexisNexis database where they were stored for the Police Department. Miller and Almeranti kept their methods to themselves. (ECF 504: TR 10/24/23, Almeranti, C., Pg ID 10654-655). They provided the reports to Robert Rosett and his son Jayson who used them to solicit patients for his physical therapy business.

-6-

(Id., Pg ID 10632). When Rosett decided to move on from that arrangement, he made another arrangement to sell his reports to Matthew Schwartz, who passed them on to Anthony Sereno (ECF 525 TR 10/30/23, Sereno, A., Pg ID 11176), who distributed them to John Capella. (Id Pg ID 11213).

John Capella testified at trial that he was a telephone solicitor who passed on "converted" leads from his telephone calls to Defendant Franklin's law firm. Capella testified he talked with Franklin twice in Florida about the source of the reports but he revealed no more at trial than he testified to at the *Enright* hearing. After the *Enright* hearing, this Court concluded that "when pressed for details that would provide an indication that Franklin was aware that reports were being obtained by false pretenses, "the details fall far short." (ECF 484: TR 9/20/23, *Enright* Hearing, Pg ID 9945). There is nothing about Capella's trial testimony to garner a different conclusion.

It should follow now that a miscarriage of justice would occur if the jury verdict were allowed to stand where the evidence was insufficient at the *Enright* hearing where the government burden to establish evidence of a conspiracy was less than at trial. In the absence of evidence in trial testimony from the witnesses who described the multi-layered steps separating Glenn Franklin from the source of the reports, this Court's observation in pre-trial proceedings that the

Government's evidence of knowledge is thin at best, still fits. (Id, Pg ID 9950)

("The only hook is the notion that these defendants knew that LexisNexis was

being deceived by false pretenses. And at least from what I've seen now, to say

that that evidence is thin is an understatement."). In light of all the evidence, it

should be concluded that the jury's verdict is against the manifest weight of the

evidence.

### B.   OMISSION OF ANY INSTRUCTION DEFINING THE TERM "PROPERTY" IS A SUBSTANTIAL LEGAL ERROR.

This Court's instructions on elements of wire fraud left the jury to its own

devices to determine an essential element of the wire fraud offense, whether crash

reports are property within the meaning of the wire fraud statute. (ECF 527: TR

10/31/23, Jury Instructions, Pg ID 11371-74). The legal meaning of the term

property has been central to this case since arguments before the Court on

February 22, 2023, on the Defendants' motion to dismiss the indictment because it

fails allege a violation of the wire fraud statute involving property. (ECF 240:

Motion to Dismiss - Property;  ECF 317:  TR 2/22/23, Colloquy, Pg ID 5526-27).

Final instructions at Paragraph (1)(A) did not define or explain the essential

term "property." (Exhibit A: Jury Instruction 13, Wire Fraud elements, Pg ID

11906 ). They told the jury the scheme alleged in the indictment must be found to

be one to deprive another of "property" – without any definition or explanation of

the term "property" as used in statute and in the Indictment. ("First, that the defendant knowingly participated in a scheme to defraud in order to deprive another of property.") (ECF 514: Final Jury Instructions,  No. 13, Pg ID 11096-98; ECF 527: TR 10/31/23, Jury Instructions, Pg ID 11372).

The instructions also included other elements, materiality, intent to defraud and use of a wire communication. The instructions defined specific terms including "scheme to defraud," "material misrepresentation," to act knowingly and to act with intent to defraud. (Id,  Pg ID 11373-374). **No instruction**, however, explained what the jury needed to know about the law in order to apply it to the facts they found in order to determine whether the scheme alleged was one to obtain property.

The term "property," as used in the wire fraud statute and in the Indictment, is an element of the offense. The Wire Fraud statute, §1343, identifies not just scheming as a crime, but scheming to obtain "money or property" as prohibited conduct. Indeed, in *McNally*, the Court reversed because of legal insufficiency in jury instructions explaining this element of the offense. ("There was no charge and the jury was not required to find that the Commonwealth itself was defrauded of money or property.") 483 U S at 360. The Court in *McNally*, therefore, held "that the jury instruction on the substantive mail fraud count permitted a conviction for

conduct not within the reach of§ 1341." *Id* at 361. In this case as well, the

instructions on wire fraud were legal error because they  "permitted conviction for

conduct not within the reach of [§ 1343]." *Id*. at 361.

 In *Ciminelli v. United States*, 590 US 306 (2023), the Court also reversed

where the instruction on wire fraud was erroneous. In *Ciminelli*, the Court rejected

the right-to-control instruction given to the jury, "that the term "property" in

§1343 'includes intangible interests such as the right to control the use of one's

assets." 598 U S at 311. The instruction was error because the jury could have

found that the defendant harmed a victim company's "right to control its assets."

*Id*.

An instruction to Defendant Franklin's jury defining the word property as

used in the statute was also essential because the word "property" appears in the

wire fraud statute as a legal term, not in its common everyday context used  by

jurors. The word has a special meaning in the context of federal fraud and theft

statutes. Its meaning is derived from the language of the statute, its history, and the

cases in which its meaning and scope have been explained and limited. *United*

*States v. Bryant,* 461 F2d 912, 920 (6th Cir 1972)("Even though the language of a

statute may expressly contain all the elements of the offense, common English

words often will have peculiar legal significance."). Without explaining its

meaning in an instruction, it was impossible for the jury to apply law to facts to make any determination whether "property" within the meaning of the statute was involved in the offense charged in the Indictment.

Beginning at least with *McNally,* the Supreme Court has repeatedly explained that the meaning of property for purposes of the wire and mail fraud statutes does not include intangible rights or, as directly pertinent to this case, information gathered by a government agency for regulatory purposes. The meaning of the term property in the Wire Fraud statute was debated in detail among counsel and the Court in several hearings out of the presence of the jury, but the jury was never given a correct statement of the law in order to properly carry out its duties. The absence of an  instruction defining property in these circumstances is plain error requiring a new trial.

### C.   OMISSION OF AN INSTRUCTION DEFINING CULPABLE KNOWLEDGE IS A SUBSTANTIAL LEGAL ERROR.

Similarly, it was plain error to omit an instruction telling the jury  it was required to find that the Defendant had knowledge of the fraudulent means used to access crash reports as alleged in the indictment. It is required that the jury must be instructed that the defendant participated in the scheme as charged "with knowledge of its fraudulent elements." *United States v. Stull*, 743 F2d 439, 442 (6th Cir 1984).The instructions given, however, "failed to articulate the 'culpable

participation' needed to support a [wire] fraud conviction." *United States v. Dobson*, 419 F3d 231, 237 (3rd Cir 2005).

The jury was instructed on the definition of conspiracy. (Exhibit A: ECF 514: Jury Instructions 12-15, Pg ID 11095-11101;). The instructions told the jury the crime of wire fraud is "a scheme to defraud in order to deprive another of property." Id at 11096). And, the instructions incorporated a paraphrase of indictment allegations of a scheme to "[c]ause a designated LexisNexis username and password . . . [to be used] to obtain State of Michigan Traffic Crash Reports that had not been made available to the public." (Id., Pg ID 11096).

These instructions were deficient, however, because they "did not convey this essential aspect of the knowledge element of the fraud charged in the indictment." *Dobson*, 419 F3d at 238. Without an instruction requiring the jury to decide whether the evidence supported a conclusion of knowledge of the fraudulent representation alleged in the indictment, the jury was not enabled to perform its function required by the Constitution.

**D.    OMISSION OF ANY INSTRUCTIONS DEFINING ESSENTIAL ELEMENTS OF THE OFFENSE  IS PLAIN ERROR.**

Omission of an instruction defining essential elements of the offense is plain error because proof on each element of the offense is required by the Constitution. Where the defendant did not object to the instructions at trial, review is for plain

-12-

error. *United States v. Baird*, 134 F3d 1276 (6ᵗʰ Cir 1998). Plain error review requires the Court to find four criteria, each of which is established here: (1) an error occurred; (2) the error was plain; (3) the error affected substantial rights; and (4) where all three factors exist, the error affected the fairness, integrity or public reputation of judicial proceedings. *Id*. at 1282. In *Baird*, the court found plain error and reversed because of an omission from jury instructions.

The Fifth and Sixth Amendments guarantees of due process and jury trial "require criminal convictions to rest upon a jury determination that the defendant is guilty of every element of the crime with which he is charged, beyond a reasonable doubt." *Gaudin v. United States*, 515 US 506, 510 (1995); *United States v. Mentz*, 840 F2d 315, 319 (6ᵗʰ Cir 1988). The Sixth Circuit has "consistently held that it is the duty of the trial judge 'to tell a jury what facts they must find before they can convict – that is, to instruct the jury as to the elements of the crime charged." *United States v. Bryant,* 461 F2d 912, 920 (6ᵗʰ Cir. 1972). Where the jury is "left to its own devices as to what was necessary for them to determine," in order to find that crash reports were property or to decide if evidence proved the defendant's participation with culpable knowledge, the omissions from the instructions are plain error that affected the defendant's "substantial rights and seriously affected the fairness, integrity or public reputation

-13-

of these judicial proceedings." *United States v. Nelson*, 27 F3d 199, 202 (6th Cir. 1994); *Dobson*, 419 F3d at 239-240.

In *Bryant*, the defendant was convicted of violating revenue laws requiring retail liquor dealers to pay a federal tax. The defendant took issue on appeal with the aiding and abetting instruction given at his trial as "grossly inadequate" because it omitted any instruction on mens rea. *Bryant* at 919. The instruction as given told the jury that aiding and abetting makes someone responsible for a crime as a principal but omitted the requirement for proof of specific intent. On appeal, the Court held that instructing only with the bare words of the statute, without explanation in the instruction, was plain error. "Ordinarily, it will not suffice merely to read to the jury the statute defining the crime." *Bryant* at 920. Words in a statute often have "peculiar legal significance." Legal language, such as the word "property" in the context of the wire fraud statute, needs to be explained to the jury. The court in *Bryant* reversed because: "it is a grave error to submit the case without accurately defining the offense charged and its elements. Such an error is not excused or waived by failure to request a proper instruction."*Bryant* at 921).

The Sixth Circuit reached much the same conclusion in *Baird,* that the trial court "committed plain error by failing to define an essential term of the charged offense. 134 F3d at 1282. Baird was charged with making false requests for

-14-

progress payments to the Navy on a supply contract. According to the Opinion, the gravamen of the government's fraud charge against Baird turned on the meaning of a  term used in the defendant's submissions, "incurred costs." The Court reversed because there was confusion in the meaning of the term  "incurred costs" as used in the indictment and by counsel during trial. ("As this opinion observes, considerable confusion existed among counsel, the court and the jury relating to the term incurred costs.") *Id*. at 1279.

Because of this confusion, the "crucial question" on appeal was the trial court's failure to define incurred costs in its jury charge. *Id.* at 1281. The question was crucial because Baird's criminal liability depended on whether or not there were incurred costs. The Court reversed because the omission of an instruction defining the term was plain error and  affected the defendant' substantial rights. ("[T]he duty of the trial judge is 'to tell a jury what facts they must find before they can convict-that is, to instruct the jury as to the elements of the crime charged.'")  *Id.* at 1283; See also, *United States v. Dobson*, 419 F3d 231, 241 (3rd Cir, 2005)("Because a conviction based on an incomplete charge taints the reputation of the judicial process, we will vacate Dobson's conviction and remand the matter for a new trial.").

Omission of instructions defining the essential elements of the offense

concerning property and culpable knowledge is a substantial legal error that is plain, affects the Defendant's substantial rights and affects the fairness, integrity and public reputation of the proceedings.

## VI.   CONCLUSION

Defendant Franklin asks this Court, as an alternative to his separate motion for acquittal, to grant a new trial because the facts presented at trial fail to prove the offense charged in the indictment, that Defendant Franklin participated in a scheme to defraud to obtain crash reports created by police officers pursuant to Michigan statutory scheme requiring vehicle crash data for regulatory purposes. It appears from the evidence as a whole, that the Government's theory at trial was one to attempt to fit complaints of vehicle crash victim solicitations into a federal wire fraud prosecution. The prosecution failed, however, to prove crash reports are property and that the Defendant had culpable knowledge of the fraud in order to make its wire fraud case. The Government's failure to fit its theory into the elements of the wire fraud statute, as reviewed above, requires relief pursuant to Rule 33. Failure to include instructions defining the two crucial elements of the offense in this case, property and culpable knowledge, are additional reasons this Court should grant Defendant Franklin's motion.

Respectfully submitted,

**GUREWITZ & RABEN, PLC**

By:   s/Harold Gurewitz
      333 W. Fort Street, Suite 1400
      Detroit, MI 48226
      (313) 628-4733
      Email: hgurewitz@grplc.com
Date:January 5, 2024      Attorney Bar Number: P14468

<u>C</u>ERTIFICATE OF <u>S</u>ERVICE

I hereby certify that on January 5, 2024, I electronically filed the foregoing paper with the court's ECF system which will send notification of such filing to all parties of record.

/s Harold Gurewitz
Gurewitz & Raben, PLC
333 W. Fort Street, Suite 1400
Detroit, MI 48226
(313) 628-4733
email: hgurewitz@grplc.com

-17-