# Exhibit A

# JURY INSTRUCTION NO. 12

(1) Count One of the Third Superseding Indictment charges the defendants with conspiracy to commit the crime of wire fraud, in violation of federal law. It is a crime for two or more persons to conspire, or agree, to commit a criminal act, even if they never actually achieve their goal.

(2) A conspiracy is a kind of criminal partnership. For you to find the defendants guilty of the conspiracy charge, the government must prove each and every one of the following elements beyond a reasonable doubt:

    (A) First, that two or more persons conspired, or agreed, to commit the crime of wire fraud.

    (B) Second, that the defendants knowingly and voluntarily joined the conspiracy.

(3) You must be convinced that the government has proved all of these elements beyond a reasonable doubt in order to find the defendants guilty of the conspiracy charge.

# JURY INSTRUCTION NO. 13

(1) Now, I will give you the elements of the crime of wire fraud, which the defendants are charged with conspiring to commit:

(A) First, that the defendant, knowingly participated in a scheme to defraud in order to deprive another of property. The scheme alleged in the indictment is to:

(a) Cause a designated Lexis Nexis username and password obtained through employment with the Detroit Police Department, and assigned to an authorized person, to be used by an unauthorized retired employee of the Detroit Police Department to access the Lexis Nexis database to obtain State of Michigan Traffic Crash Reports that had not been made available to the public ("Michigan Traffic Crash Reports");

(b) Cause the same Michigan Traffic Crash Reports to be sent via email to email addresses provided by defendants and others who then distributed those Michigan Traffic Crash Reports to other individuals; and

(c) Cause the other individuals to use those same Michigan Traffic Crash Reports to identify and solicit automobile

>
> crash victims, direct interested crash victims to designated businesses and email completed intake forms for interested crash victims to the relevant businesses.

- (B) Second, the scheme included a material misrepresentation or concealment of a material fact, and the defendant knew it included a material misrepresentation or concealment of a material fact.
- (C) Third, that the defendant had the intent to defraud; and
- (D) Fourth, that the defendant used, or caused to be used, wire communications in interstate commerce in furtherance of the scheme.

(2) Now, I will give you more detailed instructions on some of the above terms.

- (A) A "scheme to defraud" includes any plan or course of action by which someone intends to deprive another of property by means of false or fraudulent pretenses, representations, or promises.
- (B) The term "material misrepresentations" means any false statements or assertions that concern a material aspect of the matter in question, that were either known to be untrue when made or made with reckless indifference to their truth. They include actual, direct false statements as well as half-truths and the knowing concealment of material facts.
- (C) An act is "knowingly" done if done voluntarily and intentionally, and not because of mistake or some other innocent reason.

(D) A misrepresentation or concealment is "material" if it has a natural tendency to influence or is capable of influencing the decision of a person of ordinary prudence and comprehension.

(E) To act with "intent to defraud" means to act with an intent to deceive or cheat for the purpose of either causing a financial loss to another or bringing about a financial gain to oneself and/or to another person.

(F) To "cause" wire to be used is to do an act with knowledge that the use of the communications will follow in the ordinary course of business or where such use can reasonably be foreseen.

(G) The term "interstate commerce" includes wire, radio or television communications which crossed a state line.

# JURY INSTRUCTION NO. 14

(1) With regard to the first element--a criminal agreement--the government must prove that two or more persons conspired, or agreed, to cooperate with each other to commit the crime of wire fraud.

(2) This does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. These are things that you may consider in deciding whether the government has proved an agreement. But without more they are not enough.

(3) What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to commit the crime of wire fraud. This is essential.

(4) An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

# JURY INSTRUCTION NO. 15

(1) If you are convinced that there was a criminal agreement, then you must decide whether the government has proved that the defendants knowingly and voluntarily joined that agreement. You must consider each defendant separately in this regard. To convict any defendant, the government must prove that he knew the conspiracy's main purpose, and that he voluntarily joined it intending to help advance or achieve its goals.

(2) This does not require proof that a defendant knew everything about the conspiracy to commit wire fraud, or everyone else involved. Nor does it require proof that a defendant played a major role in the conspiracy, or that his connection to it was substantial. A slight role or connection may be enough.

(3) But proof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it. Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator. These are all things that you may consider in deciding whether the government has proved that a defendant joined a conspiracy. But without more they are not enough.

(4) A defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew the conspiracy's main purpose. But it is up to the government to convince you that such facts and circumstances existed in this particular case.